J. C. MUNDY, EXECUTOR, ETC., RESPONDENT, v. MISSOURI POWER AND LIGHT COMPANY, APPELLANT.—101 S. W. (2d) 740.

Kansas City Court of Appeals. February 1, 1937.

*Jerry M. Jeffries* and *Don C. Carter* for respondent.

*E. B. Hamilton* and *Hunter & Chamier* for appellant.

SHAIN, P. J.—Prior to the final determination of this cause by this court, the death of plaintiff was suggested and by stipulation of parties the cause was revived in the name of J. C. Mundy, executor of the estate of O. G. Hamilton, deceased, and cause submitted on the records and briefs and oral arguments made at this term of court.

In the case at bar the plaintiff in his petition alleges that he purchased from the defendant and paid to defendant the sum of $873 for nine shares of stock in the defendant's corporation, but that defendant did cheat, wrong and defraud plaintiff by causing to be delivered to him useless stock in another company.

If the plaintiff had merely alleged the purchase of, the payment for, and failure of delivery to, then a plain cause of action for money had and received would be presented. If the allegations above set forth be alone considered, then the element of fraud is awkwardly injected into the case, in that proper allegation of intent, representations, falsity and reliance are not present.

The plaintiff, not content to plead a plain and concise cause of action for money had and received, proceeds by going into detail by the pleading of facts of evidence of and concerning the transaction whereby many burdens are assumed, which, when defendant's answer is considered, are not necessarily within the issue.

Under the plaintiff's pleading he not only alleges that defendant caused the valueless stock to be delivered to him, but further alleges that the defendant to cover up the cheat, wrong and fraud procured and caused dividends on said valuless stock to be paid to plaintiff

and that plaintiff, not having knowledge that the stock was not stock in defendant's company, accepted and retained the said stock and received and retained said dividends for a period approximating one and one-half years at which time, it is alleged, he became informed that the alleged valueless stock allegedly delivered to and ignorantly accepted by him was not the stock he had purchased.

To further confuse the issue, the plaintiff pleads as follows:

"Plaintiff states that as such corporation defendant, long prior to the times herein mentioned established and has ever since maintained and operated what it terms as 'investment department' or 'resale department' and at its various offices and places of business in said Cities and towns, has had its agents, servants and employees to take and receive subscriptions and offers for its stocks and bonds from persons who desired to purchase the same, and to make contracts for investments in said stock and to purchase the same."

In closing the plaintiff pleads as follows:

"He further avers that upon learning said deceit and fraud and discovering that he had not be delivered a certificate of stock in the company that owned and operated said light and power plants in Missouri he offered to deliver to defendant the certificate so delivered to him and offered to return the same together with all interest or dividends received by him and demanded of defendants the sum of $873.00 and interest thereon at six per cent from April, 1931, and that he had continued to so offer and demand and does now in court so offer which offer and demand was refused. And plaintiff says that he has been damaged in the sum of $873.00 with interest from July, 1932 at 6%.

"Wherefore plaintiff asks judgment against defendant for the sum of $873.00 with interest from July, 1932 and for costs."

The issues were joined by defendant making a general denial and then following up by a specific denial as to each and every allegation of fact upon which defendant had alleged as a cause of action, and specifically denied that defendant ever had an investment or resales department.

The defendant in its answer admitted corporate existence and further made an admission in the following language:

"Defendant admits that there was delivered to the plaintiff by Power & Light Securities Company, a corporation, and not by this defendant, a certificate for 9 shares of preferred stock of the North American Light & Power Company, which was the stock purchased and paid for by the plaintiff, and avers that after plaintiff held the said stock for a long time, to-wit: approximately one and one-half years, and after collecting, receiving and retaining the dividends paid to him by North American Light & Power Company upon said stock, that he demanded that the defendant should deliver

to him 9 shares of its preferred stock in exchange for the 9 shares of North American Light & Power Company stock.''

It will be noted that this paragraph neither affirms or denies as to any real issue.

There was an allegation by plaintiff as to agency of an employee of defendant and a specific denial by defendant of the agency for selling stock in defendant's or any other company. Plaintiff's reply is a general denial.

There was a trial by jury. There were but two witnesses who testified. The plaintiff took the stand in his own behalf and his testimony presents evidence in support of every allegation of his petition, except as to some matters not necessarily germane to the real issue.

Vera King, an employee of defendant, and alleged by plaintiff to be the agent with whom he dealt, was called by defendant and her testimony contradicts the testimony of defendant as to every fact testified to by him concerning every fact alleged as constituting plaintiff's cause of action.

The case was submitted to the jury and jury brought in a verdict for plaintiff in the sum of $1030.14. Judgment was duly entered in accordance with jury verdict and defendant has appealed.

We will continue to refer to the parties in same relation as in the trial court.

### OPINION.

The defendant makes claim of error in court's refusal to direct a verdict for defendant at the close of the evidence.

There is certainly one issue of fact presented by the pleadings and the evidence. The plaintiff alleges and his testimony is to the effect that he purchased nine shares of stock of defendant in the defendant's company, and never received either the stock or anything else of value. The defendant makes direct denial of plaintiff's allegation and presents evidence in support of the denial.

With such a clear issue as above in the case, we conclude that there are injected into the case issues of such inconsistency thereto as presents an incongruity that has brought confusion into the trial of the case. However, with the one well-defined issue, set forth above, the trial court cannot be convicted of error for refusing to give directed verdict for defendant.

The defendant makes claim of error as to admissibility of evidence. There are insufficient reasons given to show wherein there was prejudice to defendant. We conclude that we would not be justified in convicting the trial court of error as to such claim under the showing made.

The defendant makes claim as to error in instructions 12 and 13 given on behalf of plaintiff.

Outside of instruction as to form of verdict, instructions 12 and 13 are the only instructions that were given.

Instruction number 12 reads as follows:

"The Court instructs the jury that if you find and believe from the greater weight of the evidence that on the . . . day of April, 1931, the plaintiff, desiring to purchase stock in company owning Mexico Light plant, paid to the defendant and defendant received eight hundred and seventy-three dollars for nine shares of stock in the corporation that owned the electric light and power plants in Mexico, Missouri, and thereafter there was issued and mailed to plaintiff stock in the North American Light & Power Company, which company did not own the electric light and power plant in Mexico, Missouri, if you so find, and if you find the plaintiff did not know the corporate name of the company owning such light and power plant and that he did not discover the true corporate name of the company owning the light and power plant in Mexico until about July, 1932, and that when he so discovered he offered to return to defendant the stock so delivered to him and to pay the money he had received as dividends on the same and demanded a return of said $873.00 with interest from said . . . day of April, 1932, and said demand was refused, then your verdict should be for the plaintiff for $873.00 with interest thereon at six per cent per annum from July, 1932, to this date."

It will be observed that Instruction 12 purports to cover the whole case and permits a verdict for plaintiff on finding of facts as alone set forth in this instruction.

Considering the real issue and the side issues brought into the case by the pleading and the evidence, Instruction 12 is certainly. confusing and delegates a roving commission to determine issues and permits a verdict for plaintiff without a requirement of finding that the stock, alleged as bought, was not delivered and without requiring jury to find from the evidence that the defendant caused the alleged valueless stock to be delivered to plaintiff or that (defendant) had, by alleged cheating and defrauding and to cover up same, caused plaintiff to be paid interest or dividends. Further, there is no requirement to find on issue of agency. Further, the instruction assumes that defendant caused dividends to be paid and requires the jury to find that same were tendered to defendant in the face of the fact that defendant admits he made no such tender.

Instruction number 13 is not bad in many respects that are pointed out in Instruction number 12, however, there are issues injected in Instruction 13 that are not necessarily in the case, and the instruction is contradictory to Instruction 12, in that there are issues of fact included that do not appear in Instruction 12.

We conclude that the giving of instructions 12 and 13 presents reversible error.

As this cause will be remanded, we deem it well to designate some features that we conclude bring unnecessary confusion in the trial of the real issue. From a study of the records and briefs, we find invitations to consider the question of rescission. Rescission is not plead and defendant presents no alternative pleading for raising such an issue.

Questions involving principles of estoppel are presented, in the face of the fact that estoppel is not plead and such a plea would be inconsistent to defendant's answer. Application of principle of laches is suggested, regardless of fact that defendant does not plead same and regardless of fact that such a plea is inconsistent with defendant's answer. Further, the allegations of cheating, wronging and defrauding as plead, serve no purpose other than to confuse issue and bring prejudicial matter into the trial.

As we view the matter, from a careful examination of the whole record before us, it would appear that a clear and concise statement of a cause of action either based upon a plain action for money had and received or else, if facts justify, an action for money had and received by means of intended and procuring fraud would meet every requirement to a lawful determination of every issue in the case. We, therefore, suggest that in event of retrial the issues should be presented more definite and direct.

Judgment reversed and cause remanded. All concur.